IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAN HENG                              :        CIVIL ACTION
                                      :
   v.                                 :        No. 24-6119
                                      :
SECRETARY OF THE NAVY                 :

## **ORDER**

AND NOW, this 30th day of March, 2026, upon consideration of Plaintiff San Heng's

Motion for Default Judgment (Dkt. No. 7) and the Entry of Default against Defendant Secretary

of the Navy (the "Navy") (Dkt. No. 8), it is hereby ORDERED as follows:

1.  Heng's Motion for Default Judgment (Dkt. No. 7) is DENIED.

2.  The Entry of Default against the Navy is SET ASIDE pursuant to Federal Rule of Civil

    Procedure 55(c).[1]

---

[1]      Heng filed a Title VII action against his former employer the United States Navy alleging retaliation and racial and national origin discrimination on November 14, 2024.  He served the Government on December 3, 2024.  Dkt. No. 3.  The Government's deadline to respond was January 31, 2025.  Fed. R. Civ. P. 12(1)(2) ("[A] United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.").  On March 28, 2025, Heng filed a request for entry of default and a motion for default judgment.  Dkt. No. 7.  On April 3, 2025, the Clerk of Court entered a default against the Navy for failure to plead or otherwise defend.  Dkt. No. 8.  On August 11, 2025, the Navy filed a Motion to Dismiss but did not otherwise respond to the default or Heng's Motion for Default Judgment.  Mot. to Dismiss, Dkt. No. 11.  This Court will set aside the default against the Navy and deny Heng's motion because he has not met the standard for a default judgment under Federal Rule of Civil Procedure 55(d) and the Navy has meritorious defenses.

         When reviewing whether a default judgment is warranted, courts have a strong presumption in favor of resolving cases on the merits.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) ("[T]his court does not favor entry of defaults or default judgments.").  "[I]n a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."  *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).  Additionally, a "default judgment may be entered against the United States, its officers, or its agencies *only if the claimant establishes a claim or right to relief by evidence that satisfies the court*."  Fed. R. Civ. P. 55(d) (emphasis added).  The Third Circuit has described this standard as a heavy burden.  *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 251 n.23

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

_____

(3d Cir. 1989). Further, "[w]hen the government's default is due to a failure to plead . . . the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (internal citation omitted).

District courts have the authority to sua sponte set aside an entry of default. Fed. R. Civ. P. 55(c); *Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) ("[W]e do not take issue with the District Court's authority to sua sponte set aside an entry of default."). Generally, courts will set aside a default after considering (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. *Gross*, 700 F.2d at 122. A court however does not need to address all these considerations if the party who sought the default against the Government cannot meet their burden under Rule 55(d). *See Handle v. Postmaster Gen., United States Postal Serv.*, 806 F. App'x 95, 101 (3d Cir. 2020) ("[E]ven if those explanations [regarding prejudice to the plaintiff, defendant's meritorious defenses, and defendant's culpability] did not suffice, [the plaintiff] could not have obtained a default judgment here against the federal government because . . . she does not meet the heavy burden of establishing 'a claim or right to relief by evidence satisfactory to the court.'" (citing Fed. R. Civ. P. 55(d)).

At this stage, Heng has not provided any evidence, beyond his complaint, to establish his right to relief. Additionally, the Government has raised potentially meritorious defenses that may defeat Heng's claims at a later stage of this litigation. Mot. to Dismiss 4 (challenging the severe or pervasive element of Heng's claim); *see also id.* at 10-11 (arguing the Government's investigation and termination of Heng had a nonretaliatory reason); Notice of Termination During Probationary Period, Dkt. No. 11-1 (justifying Heng's termination because of his inappropriate and violent comments at the workplace). Based on the current record, the Court finds Heng has not met this heavy burden to justify the entry of default judgment against the Government. Accordingly, the Court will set aside the default, deny Heng's motion for default judgment, and this case will proceed on the merits.